[S. F. No. 2722.    Department One.—January 18, 1904.]

WHITE SEWING MACHINE COMPANY, Appellant, v. WILLIAM P. COURTNEY et al., Defendants; ALBERT BROWN, Respondent.

Bond—Suretyship—Commission Agent — Continuing Guaranty—Revocation as to Future Transactions.—A bond conditioned in substance that if an agent of the plaintiff for the sale of sewing-machines on commission should pay all indebtedness then existing, or that he might thereafter in any way incur, to the plaintiff, the bond should be void, though technically a contract of suretyship, is as to all future liability, for successive transactions not begun, governed by the same rule as a continuing contract of guaranty, under section 2815 of the Civil Code, and may be revoked at any time as to future independent transactions, with respect to which the consideration is not continuing.

Id.—Mode of Revocation—Demand for Release of Surety—Release by Agent of Plaintiff.—A demand by the surety for a release, and the consent thereto by plaintiff's agent, followed by the execution of a release, is the equivalent, and was in substance a revocation, of the contract by the surety; and the fact that the authority of the agent to make the release was not in writing is not material. No formal release was necessary to terminate the contract.

Id.—Future Sale of Machines.—The liability of the surety, after such revocation and release, was extinguished in reference to a future sale of machines by the plaintiff to the agent, and the surety cannot be held liable for the price.

APPEAL from a judgment of the Superior Court of Alameda County.   W. E. Greene, Judge.

The facts are stated in the opinion of the court.

Morrison & Cope, and W. M. Gardiner, for Appellant.

The contract was one of specific suretyship on a note, and not a continuing guaranty, and could not be revoked by the surety. (*Page* v. *White Sewing Machine Co.*, 12 Tex. Civ. App. 327; *McIntosh-Huntington Co.* v. *Reed*, 89 Fed. 464; *Saint* v. *Wheeler & Wilson Mfg. Co.*, 95 Ala. 362;[1] *Aughampaugh* v. *Schmidt*, 77 Iowa, 13; Brandt on Suretyship, 2d ed., sec. 1133.) The release by the attorney was void, because not authorized

[1] 36 Am. St. Rep. 210.

in writing.   (Civ. Code, sec. 2309.)   The release was without consideration, and was *nudum pactum.*   (20 Am. & Eng. Ency. of Law, 1st ed., pp. 744, 745.)

Parcels & Brown, for Respondent.

The bond is a continuing guaranty as to future transactions, and such guaranty may be revoked.   (Civ. Code, secs. 2814, 2815; *McShane* v. *Padian,* 142 N. Y. 207; *Hatch* v. *Hobbs,* 12 Gray, 447; *Farmers and Mechanics' Bank* v. *Kercheval,* 2 Mich. 505; Brandt on Suretyship and Guaranty, secs. 157-164; *Agawam Bank* v. *Strever,* 18 N. Y. 502; *Howe Machine Co.* v. *Farrington,* 82 N. Y. 121; *Bostwick* v. *Van Voorhis,* 91 N. Y. 353; *La Rose* v. *Logansport Nat. Bank,* 102 Ind. 332; *Conduitt* v. *Ryan,* 3 Ind. App. 1; *Mathews* v. *Phelps,* 61 Mich. 327;[1] *Singer Mfg. Co.* v. *Draughan,* 121 N. C. 88;[2] *Weed Sewing Machine Co.* v. *Winchell,* 107 Ind. 260.)   The written release, given at the surety's request, extinguished the obligation. (Civ. Code, sec. 1541.)

Mullany, Grant & Cushing, for Defendant Courtney.

SHAW, J.—This is a suit on a bond of the defendants to the plaintiff, dated January 27, 1895, in the penal sum of one thousand dollars.   The condition of the bond in substance was, that if Courtney should pay to the plaintiff all indebtedness then existing, or that he might thereafter in any way incur, the bond should be void.   Courtney was at that time about to become, or had been appointed, agent of the plaintiff for the sale of its machines, and as a part of the transaction a written agreement was made between the company and Courtney, providing for the consignment of sewing-machines to the latter, to be sold on commission at prices designated, under which agreement consignments were made.   About the first of August of the same year, Courtney having become insolvent, and being about to institute proceedings in insolvency for his discharge, the defendant Brown demanded of the plaintiff's Pacific Coast manager, one Forden, to be released from the bond, and thereupon, with the consent of Courtney, and by direction of Forden, who had authority in that behalf, a release was executed

[1] 1 Am. St. Rep. 581.          [2] 61 Am. St. Rep. 657.

in the name of the plaintiff by its attorney, Creely. The court finds that this release was afterwards ratified by the plaintiff. A small balance at this time due the plaintiff was afterwards paid. Under a subsequent agreement between the plaintiff and Courtney, dated April 11, 1898, to which Brown was not privy, some machines were sold to Courtney and his notes taken for the purchase money in the aggregate sum of $993, for which and interest this suit is brought.

The above facts appear from the findings of the court, and are fully supported by the evidence, except that the authority of Forden to execute releases was not in writing. Judgment was entered against the defendant Courtney, but in favor of the defendant Brown. The appeal is from the latter judgment.

The plaintiff's contention is based on the assumption that Brown, as surety, had no right to revoke the contract of suretyship, nor to demand and receive a release as surety as to future transactions between Courtney and the plaintiff, but that he was bound to continue responsible upon the bond for all time, and for all future transactions, so long as the plaintiff chose to continue dealings with Courtney. But such is not the effect of the transaction. It may be conceded that if the bond had recited that Courtney was appointed agent of the plaintiff for a definite time, and the obligation of Brown was to stand as his surety during that time, he could neither revoke the contract nor would he be entitled to a release without consent of the plaintiff. And the same would be true with respect to a contract to become surety for the performance of any definite contract, such as the erection of a building or the administration of an estate. But this was a contract to become surety for any liability which might thereafter in any manner exist or be incurred on the part of Courtney to the plaintiff. Although technically a contract of suretyship, it is governed by the same rule as a continuing contract of guaranty under section 2815 of the Civil Code. That section provides as follows: "A continuing guaranty may be revoked at any time by the guarantor, in respect to future transactions, unless there is a continuing consideration as to such transactions which he does not renounce." A continuing guaranty is defined to be, "A guaranty relating to a future liability of the principal, under successive transactions, which either continue his liability or from time to

time renew it after it has been satisfied.'' (Civ. Code, sec. 2814.) This is an exact description of the legal effect of the contract here in question, although nominally a contract of suretyship. The reason of the rule is the same in one case as in the other, and it applies equally to both. The code itself provides that ''a surety has all the rights of a guarantor.'' (Civ. Code, sec. 2844.) Therefore, as a surety upon a contract contemplating a future liability of the principal under successive transactions, he had a right at any time to revoke the contract with respect to liability upon any transaction which was not at that time begun. The provision relating to the renunciation of any continuing consideration has no application, because there was no consideration at all as to Brown, and as to Courtney the consideration was not continuing as to future independent transactions such as this in question. The consideration for the notes was the machines sold to Courtney at the time the notes were given, and that was the only consideration upon which Brown, if he had not previously revoked, could have been held liable as surety with respect to that particular transaction. The demand for a release, and the consent thereto by the plaintiff's agent, followed by the execution of the release, was certainly the equivalent of, and in substance was, a revocation of the contract by the surety, Brown. The fact that the authority of Forden was not in writing is immaterial, because no formal release was necessary in order to terminate the contract.

Some attempt is made to show that some of the machines for which the notes sued on were given, were in the possession of Courtney at the time the demand for release was made by Brown, and that therefore the liability sued on was one existing at the time of the revocation, and consequently was not affected thereby. This cannot be the case. Under the terms of the contract between Courtney and the plaintiff the machines in Courtney's possession at the time Brown demanded the release were not the property of Courtney, but the property of the plaintiff. The only liability of Brown at that time with respect to those machines was for the return of the machines to the plaintiff in good order and condition, if unsold, or for the proceeds thereof if Courtney should sell them as agent for the plaintiff under the contract then existing.

This liability, however, is not the one here sued on, and it was extinguished by the sale of the machines to Courtney. This sale was a future transaction with relation to which the contract of suretyship was revoked, and for which Brown could not be held responsible. After such revocation the plaintiff had no right to make an absolute sale of the machines on hand to Courtney and hold Brown liable on the bond for the price.

The judgment appealed from is affirmed.

Angellotti, J., and Van Dyke, J., concurred.